**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

LYNN FRANKLIN MILAM                                                                             PLAINTIFF
ADC #500489

V.                                        NO: 4:11CV00839 DPM/HDY

SWATZEL *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Lynn Franklin Milam, currently incarcerated at the Omega Center of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on November 23, 2011. Defendants are captain Terry Bailey, and correctional officers Swatzel, Frederick Dixon, and Bulinda Shelton, all of whom are employed at the Pope County Detention Center.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, on November 1, 2011, Swatzel put "dope" on his bed, and accused Plaintiff of possessing the contraband.  Plaintiff replied that it was not his, and asked to speak with Swatzel's supervisor.  At that point, Swatzel apologized, but Plaintiff still wanted to speak with a supervisor.  Dixon arrived, and sent Plaintiff to another hall.  About 10 minutes later, Dixon called for Plaintiff, and told him that Swatzel was only joking, and the "dope" was soap.  Swatzel apologized, and Swatzel and Plaintiff shook hands.  Dixon ordered that Plaintiff be returned to pod one, his original housing pod.  Plaintiff expressed concern that Swatzel would retaliate, but Dixon assured him that would not happen, and said Swatzel would be reprimanded.  Plaintiff continued to worry about his housing assignment, and again asked to be moved.  Plaintiff's second request was granted, and he was moved to pod two.  However, the next day, Plaintiff was moved back to pod one, because Plaintiff's brother was in pod two.  On November 3, 2011, Plaintiff was moved to the Omega Center.  Before Plaintiff left, he was given a copy of the detention center's report saying Swatzel would be reprimanded for his actions.  Plaintiff seeks an apology for him, his brother, and his mother, monetary relief for his stress and worry, and Swatzel's termination.

Although the conduct Plaintiff has described is unprofessional, it is not a constitutional violation. Swatzel was "acting like" the contraband was Plaintiff's, but he immediately apologized when Plaintiff asked to speak with a supervisor. After a roughly 10 minute investigation, the supervisor determined that Plaintiff had done nothing wrong. While Plaintiff feared retaliation after the incident, he described no retaliation, and he was moved to the Arkansas Department of Correction two days later. Even if Swatzel's "game" had progressed to the point of Plaintiff being issued a false disciplinary charge for possession of contraband, such a charge would not be a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  13   day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE